I agree that the trial court's statements made during the sexual offender classification hearing cast some doubt on the court's later conclusion that appellant is a sexual predator. However, I believe that the better course of action would be to simply remand the matter so that the trial court can clarify its judgment. As a result, I respectfully dissent from the judgment and opinion of the majority.
The problem with this case is that the appellate courts in Ohio have allowed the transcript of a sexual offender classification hearing to supplement the written judgment entry issued by a trial court. See, e.g., State v. Campbell (Dec. 22, 2000), 11th Dist. No. 99-L-012, 2000 WL 1876618, at 3; State v. Thomas (Dec. 31, 1998), 2d Dist. No. 17181, 1998 WL 906619, at 2. This practice, however, has always occurred in the context of explaining or amplifying the trial court's determinations. In other words, the judge's verbal statements have never been used to contradict a trial court's judgment. My concern is that in doing so now we are diminishing the authority of the written judgment entry.
It is axiomatic that a trial court only speaks through its judgment entry. State v. Blankenship (Sept. 7, 2001), 11th Dist. No. 2000-P-0097, 2001 WL 1023645, at 1. Here, the written judgment entry shows that the trial court stated it had considered each of the factors under R.C.2950.09(B)(2), and after doing so, concluded there was clear and convincing evidence to support a determination that appellant is a sexual predator. Had there been no earlier verbal comments, the judgment entry would have been legally sufficient.
Nevertheless, because of the obviously contradictory nature of the statements made at the sexual offender classification hearing and those made in the court's written judgment, appellant suggests that this court should enter judgment in his favor. However, I am reluctant to do so. That would, in effect, elevate the verbal remarks of the court over its final written entry.
What we have here is a contradictory verbal statement that suggests either the judge later changed his mind with respect to his evaluation, or that he may have used an incorrect standard of proof. With the record before us, however, this court does not know which is the case, and the judge should have the opportunity to enlighten us. Accordingly, I would reverse the judgment of the trial court and remand the matter so that the court could clarify or reconsider its judgment entry in light of the requirement that its final judgment must be based on clear and convincing evidence.
For the foregoing reasons, I respectfully dissent.